United States District Court
Southern District of Texas

**ENTERED**

March 06, 2024

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| UNITED STATES DEPARTMENT OF HOMELAND SECURITY, IMMIGRATION AND CUSTOMS ENFORCEMENT, §§§§§ | |
| Plaintiff, § | CIVIL NO. 4:24-cv-00816 |
| v. §§ | |
| GURJANT SINGH, §§ | |
| Defendant. §§ | |

**TEMPORARY RESTRAINING ORDER**

On March 5, 2024, Plaintiff U.S. Department of Homeland Security, Immigration and Customs Enforcement ("ICE") filed a Complaint and Ex Parte Application for Emergency Temporary Restraining Order to allow Plaintiff to immediately and involuntary hydrate and perform medical examinations on Defendant Gurjant Singh. The motion is supported by the declarations of Fernando Nieto, ICE Assistant Field Office Director, ("Nieto Decl.") and Alisha Wren M.D., ("Wren Decl."). According to those declarations, Defendant has been on a hunger strike since on or about February 24, 2024, including a refusal to drink. Defendant is at risk of suffering severe injuries or death as a result of his hunger strike. In Dr. Wren's medical opinion, "involuntary intravenous hydration is required at this time." Wren Decl. ¶ 27.

Plaintiff is requesting an order allowing medical professionals to (1) involuntarily hydrate Defendant; (2) perform physical evaluations on Defendant, take his vital signs, and perform laboratory testing; and (3) restrain Defendant, if necessary, to accomplish these procedures, in order to prevent injury, organ failure, and/or death due to his self-imposed hunger strike. The Government has represented that that delaying this proceeding to serve the Defendant and allow him to respond would delay needed medical attention.

The Court finds that Plaintiff is likely to succeed in showing that its interests in preserving life and discharging its duties to care for those in its custody outweigh any interest Defendant might have in expressing himself through a hunger strike. *See, e.g., Grand Jury Subpoena John Doe v. United States*, 150 F.3d 170, 172 (2d Cir. 1998) (per curiam) (holding that force-feeding detainee on hunger strike does not violate his constitutional rights as "the preservation of life, prevention of suicide, and enforcement of prison security, order, and discipline, outweigh the constitutional rights asserted by" the detainee); *In re Soliman*, 134 F. Supp. 2d 1238, 1253–58 (N.D. Ala. 2001) (same). The Court also concludes that the other requirements for a temporary restraining order are met—there is a likelihood of irreparable harm, the balance of hardships tips in favor of Plaintiff, and public policy favors preserving Defendant's life and health.

For the foregoing reasons, the Court **GRANTS** Plaintiff's Ex Parte Application for Emergency Temporary Restraining Order. It is hereby **ORDERED** that:

Competent medical professionals may: (1) involuntarily hydrate the Defendant, consistent with necessary medical procedures; (2) perform necessary physical evaluations on Defendant, take his vital signs, and perform necessary laboratory testing; and (3) restrain Defendant, if necessary, to accomplish these procedures, in order to prevent injury, organ failure, and/or death due to his self-imposed hunger strike.

It is so Ordered.

Signed on March 6, 2024 at 12:09 p.m. in Houston, Texas.

_David Hittner_

United States District Court Judge

3